825 F.2d 406
 28 Wage & Hour Cas. (BN 568
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
William E. BROCK, Secretary of Labor, United States
Department of Labor, Plaintiff-Appellant,
v.
GUFFEY, HUBBELL, McGHEE, P.C.; Mattern and Craig, Inc.,
Wayne Craig, individually and as responsible corporate
official of both corporate defendants; Stuart Hubbell,
individually and as responsible corporate official of both
corporate defendants; Sam McGhee, individually and as
responsible corporate official of Guffey, Hubbell, McGhee,
P.C.; Tom Guffey, individually and as responsible corporate
official of both corporate defendants, Defendant-Appellee.
William E. BROCK, Secretary of Labor, United States
Department of Labor, Plaintiff-Appellee,
v.
GUFFEY, HUBBELL, MCGHEE, P.C.; Mattern and Craig, Inc.;
Wayne Craig, individually and as responsible corporate
official of both corporate defendants; Stuart Hubbell,
individually and as responsible corporate official of both
corporate defendants; Sam McGhee, individually and as
responsible corporate official of Guffey, Hubbell, McGhee,
P.C.; Tom Guffey, individually and as responsible corporate
official of both corporate defendants, Defendant-Appellant.
William E. BROCK, Secretary of Labor, United States
Department of Labor, Plaintiff-Appellant,
v.
GUFFEY, HUBBELL, MCGHEE, P.C.; Mattern and Craig, Inc.;
Wayne Craig, individually and as responsible corporate
official of both corporate defendants; Stuart Hubbell,
individually and as responsible corporate official of both
corporate defendants; Sam McGhee, individually and as
responsible corporate official of Guffey, Hubbell, McGhee,
P.C.; Tom Guffey, individually and as responsible corporate
official of both corporate defendants, Defendant-Appellee.
 Nos. 86-2523(L), 86-2524 and 86-2665
 United States Court of Appeals, Fourth Circuit.
 Argued May 5, 1987.
Decided July 30, 1987.
 
 Ford F. Newman, United States Department of Labor (George R. Salem, Solicitor of Labor, Monica Gallagher, Associate Solicitor, Linda Jan S. Pack, Counsel for Appellate Litigation, James Leonard, Associate Regional Solicitor, Charles R. Brewer, United States Attorney, Donald A. Gonya, Chief, Disability Litigation Branch, Pamela Gerr, Office of the General Counsel, Social Security Division, Department of Health & Human Services, on brief), for appellant.
 Raymond R. Robrecht, for appellee.
 Before SPROUSE, and CHAPMAN, Circuit Judges, and WISDOM, Circuit Judge for the Fifth Circuit, sitting by designation.
 CHAPMAN, Circuit Judge:
 
 
 1
 The Secretary of Labor brought this action for back pay and injunctive relief alleging that Guffey, Hubbell, and McGhee, P.C. (GHM) violated the Fair Labor Standards Act, 29 U.S.C. Sec. 217 (1984) (FLSA), by failing to pay some of its employees time and one-half for overtime hours. The district court found GHM in violation of the FLSA, but held that, because the violation was not 'willful' a two year statute of limitations, rather than a three year statute of limitations, would apply, thus limiting the reach of the back pay award. The district court then granted both injunctive and monetary relief to the Secretary. Dissatisfied with the district court's ruling that the FLSA violation was not willful, the Secretary has appealed to this court. GHM has filed a cross-appeal, arguing that the volume of its business is insufficient to bring it within the scope of the FLSA. Finding no error, we affirm.
 
 
 2
 * GHM is a land surveying firm and is a wholly owned subsidiary of Mattern & Craig (M&C), a professional engineering and consulting firm. In 1981 M&C acquired GHM because it was dissatisfied with the quality and timeliness of the land surveying services it had received from independent surveyors. Thomas Guffey, the previous owner of the surveying firm, retained 10 percent of the stock, the remaining 90 percent divided equally among Ed Mattern, Wayne Craig, Stuart Hubbell and Sam McGhee. These five shareholders became the directors, of the corporation and at their first board meeting, changed the corporation's name from Thomas W. Guffey, P.C. to 'Guffey, Hubbell, McGhee, P.C. a subsidiary of Mattern & Craig.'
 
 
 3
 GHM became M&C's primary supplier of land surveying services. M&C provided clerical, secretarial and management assistance to GHM. Specifically, M&C for no charge provided GHM with a call forwarding service whereby calls placed to GHM were answered by secretaries of M&C. M&C rented computer time to GHM so that GHM could more efficiently maintain its payroll and bookkeeping. An M&C employee trained GHM bookkeepers to use the computer and M&C employees provided other management and clerical services to GHM for which GHM paid the prevailing market rate. Meetings of the shareholders and directors of GHM have been held at M&C's offices and the directors of GHM have traveled to the GHM office in cars supplied by M&C. The shareholders and directors of both corporations appear to be the same individuals.
 
 
 4
 The number of weekly hours which GHM surveyors work fluctuates. GHM paid its surveyors a guaranteed fixed monthly salary regardless of weekly hours worked. If the surveyors worked in excess of forty hours per week they received additional compensation at their straight-time hourly rate. GHM attempted to justify this compensation scheme by arguing that it provided a higher level of compensation to the surveyors than they would have received had they been paid according to the 'fluctuating work week' method sanctioned by the Secretary's regulations.
 
 
 5
 The Secretary brought this action against GHM, M&C and the four individuals who presently own both firms. The Secretary sought back wages for the surveyors for the previous three years. In order to establish that the surveyors were covered under the FLSA for the entire period, the Secretary argued that GHM and M&C constituted the single enterprise under 29 U.S.C. Sec. 203(r). This contention was necessary to prove GHM was subject to FLSA, because GHM alone did not have a sufficient annual dollar volume of business to bring it within the scope of the FLSA until 1984. The defendants argued that the two companies did not constitute a single enterprise and that, if they did, the method by which GHM computed its surveyors wages was in compliance with the FLSA.
 
 II
 
 6
 We will consider initially the cross-appeal. Three elements must be present in order to find a single enterprise. The Secretary must show (1) related activities, (2) unified operation or control, and (3) a common business purpose. Brennan v. Arnheim and Neeley, Inc., 410 U.S. 510 (1973).
 
 
 7
 The defendants argue that GHM and M&C are not engaged in related activities because the business of each firm is separate and distinct and because neither is dependent upon the other for its economic existence. The defendants reason that there is not unified operational common control because no single entity or person controls both GHM and M&C and that there is no common business purpose because each firm is operated as a separate economic unit which provides a different service.
 
 
 8
 The evidence is otherwise. The two firms are owned and controlled by the same individuals. Though engineering and surveying are different services, regulated and licensed by different bodies, they are both part of the construction industry. Much of the work which is done by the engineers at M&C cannot begin until an accurate survey is completed. It was the need for accurate and timely surveys which prompted M&C's acquisition of GHM. A substantial portion of GHM's revenues come from the surveys that it performs for M&C. Thus, the activities of the two firms are related because they are interdependent. The firms are also under common ownership and control and they share a common business purpose. We are persuaded that the district court did not err in finding that the two firms constitute a single enterprise.
 
 III
 
 9
 The Secretary contends that the defendants' violations of the FLSA were willful because the defendants knew that the FLSA was 'in the picture.' Donovan v. Bel-Loc Diner, Inc., 780 F.2d 1113 (4th Cir. 1985); Coleman v. Jiffy June Farms, Inc., 458 F.2d 1139 (5th Cir. 1972), cert. denied, 409 U.S. 948 (1972). GHM's revenues were not sufficient to bring it within the scope of the FLSA until 1984. Until 1984 GHM could have reasonably believed that the FLSA did not apply to it. Although we have held that GHM and M&C constitute a single enterprise within the meaning of the FLSA, the facts in this case are such that GHM was able to argue to the contrary in good faith. Thus, we believe that the district court has correctly found that these violations were not willful.
 
 
 10
 We have considered the other issues raised by the parties and we find them to be without merit. The decision of the district court is, therefore,
 
 
 11
 AFFIRMED.